DREW, J.,
dissenting.
hi respectfully dissent, with these brief comments.
THIS CASE
The majority has found a double jeopardy violation where none exists.
*985 This defendant broke two different laws, admittedly on the same date, but on two separate occasions and in two different parishes.
One crime occurred in Bossier Parish, and the other crime occurred later in Webster Parish. The facts in each parish establish the respective wrongdoings, without necessity of reliance of any facts from the other parish.
• Balentine gathered materials for several days in Bossier Parish, breaking the law in that parish by trying to manufacture methamphetamines, being thwarted in that endeavor only because some of his precursor materials became unusable, leading to his trip to the adjoining parish to find what he needed.
• He was able to locate the missing component in Webster, and succeeded later that same day in establishing a meth lab, actually producing methamphetamines, shortly before being arrested in conjunction with the execution of a search warrant in Webster Parish.
He first pled guilty in Webster for the second chronological crime, the violation of La. R.S. 40:983. He was sentenced to five years at hard labor.
He was then charged in Bossier Parish with a violation of La. R.S. 40:967(A)(1), a law that prohibits the knowing or intentional production or manufacturing or possession with intent to produce or manufacture methamphetamine. The defendant’s motion to quash[1] was overruled by the trial court. That ruling is the issue in this appeal.
12Balentine immediately pled guilty to a reduced charge of attempted manufacturing of meth, with a Crosby[2] reservation of his right to appeal this issue.[3]
The defendant’s argument would be stronger if all criminality occurred in the same parish. The state’s position would be stronger if the criminality happened months apart. But here we are.
Two different criminal statutes were violated in two different parishes, on two different and independent sets of facts. It is a two-parish “crime spree.” And just because of the temporal and subject matter similarities, the defendant should not get a free pass for what he first did in Bossier.
DOUBLE JEOPARDY ANALYSIS IN LOUISIANA
Three out of every four states[4] settle Fifth Amendment claims of double jeopardy by simply applying the precepts of Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), wherein a defendant can be convicted of two offenses arising out of the same criminal incident if each crime contains an element not found in the other. This is a straightforward test.
In Louisiana, courts are required to also add a murky “same evidence” test, which few understand, and none can clearly explain. This double l.^whammy has lead to *986 inconsistent results and wildly uneven double jeopardy analyses. Blockburger, supra, has been the gold standard for 80 years. It is more than sufficient to afford protection against double jeopardy under the Fifth Amendment.
William Shakespeare wrote: “Consistency, thou art a jewel.” In this state’s haphazard jurisprudence analyzing double jeopardy claims, we need some bling.
I respectfully dissent.
APPLICATION FOR REHEARING
Before STEWART, CARAWAY, DREW, LOLLEY and GARRETT, JJ.
Rehearing denied.
DREW, J., would grant rehearing.

. The motion to quash alleged a double jeopardy violation.

. State v. Crosby, 338 So.2d 584 (La.1976).

. The trial court used its discretion and wisely sentenced the defendant to serve five years for this Bossier crime, to be served concurrently with the Webster sentence. The restraint of the trial court is appreciated, recognizing the equities of this situation.

.See list of cases at footnote 27 of State v. Watkins, 362 S.W.3d 530 (Tenn.2012), wherein the Tennessee Supreme Court jettisoned its four-stage double jeopardy analysis in favor of the Blockburger analysis, already in use at that time by 38 states and the federal courts.